UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA H., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT (DOC. NO. 16)** <br><br> Case No. 2:23-cv-00072 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Patricia H.,[1] proceeding without an attorney, filed this action for judicial review of the denial of her application for disability insurance benefits by the Commissioner of the Social Security Administration.[2] The Commissioner filed a motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing this action was untimely filed.[3] Ms. H. filed a response, arguing her complaint should not be dismissed because she requested an extension within the sixty-day period, and she only filed late because she was waiting on a doctor's paperwork.[4] In the motion and in the opposition to the motion, both parties relied on

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the court refers to Plaintiff by her first name and last initial only.

[2] (*See* Compl., Doc. No. 5.)

[3] (*See* Def.'s Mot. to Dismiss ("Mot."), Doc. No. 16.)

[4] (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), Doc. No. 17.)

1

declarations and exhibits outside the pleadings.[5] Accordingly, the court converted the motion to dismiss to a motion for summary judgment, and gave the parties an opportunity to submit additional material pertinent to the motion.[6] Both parties submitted additional briefs.[7] Because the Commissioner has failed to show Ms. H. is unentitled to equitable tolling of the filing deadline, the Commissioner's motion for summary judgment is denied.[8]

## LEGAL STANDARDS

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[10] A party asserting a fact cannot be or is genuinely disputed on summary judgment must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

---

[5] (*See* Exs. 1–8 to Mot., Doc. No. 16-1; Opp'n, Doc. No. 17 at 2.)

[6] (*See* Order Converting Mot. to Dismiss to a Mot. for Summ. J. 2, Doc. No. 19.)

[7] (*See* Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Comm'r's Suppl. Br."), Doc. No. 20; Pl.'s Resp. to Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Suppl. Br."), Doc. No. 21.)

[8] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (*See* Doc. No. 12.)

[9] Fed. R. Civ. P. 56(a).

[10] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

materials."[11] This means "[u]nsupported conclusory allegations [] do not create a genuine issue of fact,"[12] and "mere speculation unsupported by evidence is insufficient to resist summary judgment."[13]

Because Ms. H. proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[14] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[15] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[16] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[17] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

---

[11] Fed. R. Civ. P. 56(c)(1).

[12] *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

[13] *Martinez v. CO2 Servs.*, 12 F. App'x 689, 695 (10th Cir. 2001) (unpublished) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144–45 (10th Cir. 1998)).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[16] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[17] *Hall*, 935 F.2d at 1110.

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

Under section 205 of the Social Security Act, claimants may seek judicial review of the Commissioner's decision by filing a case in a federal district court within sixty days after receiving notice of the Commissioner's final decision.[19] This sixty-day period is not jurisdictional—it is a statute of limitations, and may be equitably tolled by the Commissioner or a court.[20] To equitably toll the deadline, a plaintiff must show she diligently pursued her claims and demonstrate that her failure to timely file was caused by "extraordinary circumstances" beyond her control.[21]

## BACKGROUND

Ms. H. applied for disability insurance benefits on April 28, 2020, alleging she became disabled on April 20, 2020.[22] Her claim was denied initially on December 17, 2020, and denied again upon reconsideration on July 2, 2021.[23] Ms. H. then requested an administrative hearing, after which the Administrative Law Judge ("ALJ") who addressed Ms. H's application determined she was not disabled and denied benefits.[24] On October 13, 2022, the Social Security

---

[19] *See* 42 U.S.C. §§ 405(g) ("[A claimant] may obtain review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."), 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

[20] *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

[21] *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007); *see also Baynham v. Colvin*, No. 14-2053-SAC, 2014 U.S. Dist. LEXIS 73742, at *4 (D. Kan. May 30, 2014) (unpublished) (citing *Fleming*, 481 F. 3d at 1254).

[22] (Ex. 1 to Mot., Appl. Summ. for Disability Ins. Benefits, Doc. No. 16-1 at 5.)

[23] (Ex. 4 to Mot., Soc. Sec. Admin. Decision, Doc. No. 16-1 at 20.)

[24] (*See id.* at 20–37.)

Administration Appeals Council denied Ms. H's request for review,[25] making the ALJ's decision final for purposes of judicial review.

To obtain judicial review of the Commissioner's decision under the Social Security Act, Ms. H. needed to file her suit within sixty days of the date she received the Appeals Council's denial of review.[26] Because the date of receipt is presumed to be five days after the date of the notice on October 13, 2022,[27] Ms. H. had until December 19, 2022 to file her suit (sixty days after the presumed date of receipt, October 18, 2022).[28] Ms. H. filed suit on January 30, 2023, nearly six weeks after the deadline.[29]

However, on December 2, 2022—well within the statutory deadline for filing her suit—Ms. H. mailed a request for an extension to the Appeals Council, stating she was ready to file her case, but she was waiting on paperwork from a doctor.[30] The letter is undated, but the postal

---

[25] (*See* Ex. 6 to Mot., Notice of Appeals Council Action, Doc. No. 16-1 at 48–50.)

[26] 42 U.S.C. § 405(g).

[27] *See* 20 C.F.R. §§ 404.901, 422.210(c).

[28] Sixty-five days after October 13, 2022 was December 17, 2022, a Saturday. The next business day was December 19, 2022.

[29] (*See* Compl., Doc. No. 5.) Ms. H. initially filed her complaint in state court on January 5, 2022, and the Commissioner removed the state case to this court. *See Patricia H. v. Kijakazi*, No. 2:23-cv-00057, 2023 U.S. Dist. LEXIS 217558, at *1 (D. Utah Dec. 6, 2023) (unpublished). This court dismissed that case under the derivative jurisdiction doctrine, because state courts lack jurisdiction over Social Security appeals. *Id.* at *4–5. Even if this court considered Ms. H's case filed as of January 5, 2023, it would still be after the December 19, 2022 deadline.

[30] Although the letter itself is undated, Ms. H. states she mailed it on December 2, 2022, (Opp'n 1, Doc. No. 17), the postal timestamp supports this claim, and the Social Security Administration stamped the letter "RECEIVED DEC 05 2022." (*See* Ex. 7 to Mot., Letter from Patricia H. to Appeals Council (and accompanying envelope), Doc. No. 16-1 at 52–54.)

service timestamp indicates the letter was mailed on December 2, 2022, and the Social Security Administration stamped the letter "RECEIVED DEC 05 2022."[31] The Appeals Council denied Ms. H's request for an extension on April 26, 2023—the day before the Commissioner filed his motion to dismiss, and more than four months after receiving the extension request.[32]

In his motion to dismiss this case, the Commissioner argues Ms. H.'s complaint is untimely because she failed to file it within the sixty-day deadline.[33] Although the Commissioner acknowledges recognizes courts can equitably toll the deadline in some circumstances, he argues Ms. H. has not shown (and cannot show) she is entitled to equitable tolling.[34] Ms. H. filed a response, arguing her complaint was only late because she was waiting on a doctor's paperwork, and the Appeals Council failed to timely respond to her extension request, which was filed within the sixty-day deadline.[35]

Because the parties' briefing on the motion to dismiss relied on declarations and exhibits outside the pleadings, the court converted the motion to a motion for summary judgment, and

---

[31] (*See* Ex. 7 to Mot., Letter from Patricia H. to Appeals Council (and accompanying envelope), Doc. No. 16-1 at 52–53.)

[32] (*See* Ex. 8 to Mot., Letter from Off. of Appellate Operations to Patricia H. (April 26, 2023), Doc. No. 16-1 at 55–56.)

[33] (*See* Mot., Doc. No. 16 at 2.)

[34] (*Id.* at 6–7.)

[35] (Opp'n, Doc. No. 17.)

gave the parties an opportunity to submit additional material.[36] The parties each filed a supplemental brief, reiterating their previous arguments.[37]

## ANALYSIS

In numerous cases with facts similar to these, courts have equitably tolled the sixty-day appeal deadline. Accordingly, the Commissioner is not entitled to summary judgment. In both his motion and his supplemental brief, the Commissioner cites an extensive collection of cases where courts have strictly applied the sixty-day rule to dismiss cases filed as little as one day after the deadline.[38] But the Commissioner ignores a significant body of caselaw suggesting Ms. H. may be entitled to equitable tolling.

The facts in *McParland v. Colvin*,[39] a case in which the court equitably tolled the plaintiff's deadline, are strikingly analogous to the facts here. In *McParland*, the plaintiff submitted a request for an extension to the Appeals Council three days before his deadline to file a suit challenging the Commissioner's denial of disability benefits.[40] The plaintiff then filed his complaint twenty-three days after the deadline, while his extension request was still pending.[41] Six weeks later, the Appeals Council denied his extension request.[42] The Commissioner then

---

[36] (*See* Order Converting Mot. to Dismiss to a Mot. for Summ. J. 2, Doc. No. 19.)

[37] (*See* Comm'r's Suppl. Br., Doc. No. 20; Pl.'s Suppl. Br., Doc. No. 21.)

[38] (*See* Mot., Doc. No. 16 at 4–5.)

[39] 215 F. Supp. 3d 129 (D. Mass. 2016).

[40] *Id.* at 131.

[41] *Id.*

[42] *Id.*

moved to dismiss the complaint, arguing it was untimely filed.[43] In response, the plaintiff contended the deadline should be equitably tolled because he submitted an extension request before the sixty-day period expired.[44] Noting the Appeals Council routinely grants extensions, the court held that the plaintiff was entitled to equitable tolling because he filed a timely extension request, but the Appeals Council failed to rule on it before the sixty-day deadline expired.[45] The court also noted its ruling was "consistent with decisions in a number of jurisdictions applying equitable tolling when a timely request for an extension was filed, but the Appeals Council failed to rule on the request before the statute of limitations expired."[46]

    The facts in *McParland* could hardly be more similar. Just like the plaintiff in *McParland*, Ms. H. submitted an extension request in good faith, weeks before her sixty-day deadline expired, but the Appeals Council failed to rule on her extension request until well after the sixty-day deadline. And rather than waiting to see if the Appeals Council would grant her extension, Ms. H. filed her case as soon as she received paperwork from her doctors. And the

---

[43] *Id.*

[44] *Id.*

[45] *Id.* at 131–32.

[46] *Id.* at 133 (citing *Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 U.S. Dist. LEXIS 63673 (M.D. Fla. June 16, 2011)) (unpublished); *Baynham*, 2014 U.S. Dist. LEXIS 73742; *Sanchez v. Barnhart*, 03-C-537-C, 2004 U.S. Dist. LEXIS 8037 (W.D. Wisc. May 4, 2004) (unpublished)). *Cf. Thomas v. Astrue*, No. 11-4088-SAC, 2012 U.S. Dist. LEXIS 21219, at *10 (D. Kan. Feb. 21, 2012) (unpublished) (citing the same line of cases and finding "[a]t a minimum, these cases provide support for equitably tolling the statute of limitations if a claimant filed a request for an extension of time with the Appeals Council prior to the 60-day time limit for filing an action in federal court, and that request remained pending until after the 60-day time limit expired").

*McParland* court joined a number of district courts in finding equitable tolling justified where the plaintiff requested an extension before the sixty-day deadline expired.[47] Given these cases, the Commissioner is not entitled to judgment as a matter of law.

To be clear, the issue is not fully settled—other cases suggest a pending request for an extension is insufficient to equitably toll the sixty-day period.[48] But where numerous cases suggest Ms. H. may be entitled to equitable tolling—and the Commissioner entirely failed to address the impact or applicability of these cases—the Commissioner has not shown he is entitled to summary judgment.[49]

## CONCLUSION

Because the Commissioner failed to show Ms. H. is unentitled to equitable tolling as a matter of law, the Commissioner's motion for summary judgment[50] is DENIED.

DATED this 22nd day of February, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[47] *See supra* note 46.

[48] *See, e.g., Haseeb v. Colvin*, No. 3:15-cv-03931-LB, 2015 U.S. Dist. LEXIS 170386 (N.D. Cal. Dec. 18, 2015) (unpublished); *Natalizzo v. Astrue*, No. 12-cv-02490 (JAP), 2012 U.S. Dist. LEXIS 145715 (D.N.J. Oct. 10, 2012) (unpublished); *Smith v. Comm'r of Soc. Sec.*, No. 10-CV-12691, 2011 U.S. Dist. LEXIS 51129 (E.D. Mich. Mar. 17, 2011) (unpublished).

[49] *See* Fed. R. Civ. P. 56(a) (noting summary judgment is only proper when "the movant is entitled to judgment as a matter of law").

[50] (Doc. No. 16.)