UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA H., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:23-cv-00072 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Patricia H.,[1] proceeding without an attorney, brought this action for judicial review of the denial of her application for disability insurance ("SSDI") benefits by the Commissioner of the Social Security Administration.[2] The Administrative Law Judge ("ALJ") who addressed Ms. H.'s application determined she did not qualify as disabled.[3] Ms. H. now argues she is entitled to benefits based on new evidence outside the administrative record.[4] Because this court's review is limited to the administrative

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in judicial opinions in certain cases, including social security cases, the plaintiff is referred to by first name and last initial only.

[2] (*See* Compl., Doc. No. 5.)

[3] (Certified Tr. of Admin. R. ("Tr.") 86–103, Doc. No. 24.)

[4] (*See* Compl. ¶ 8, Doc. No. 5 (stating Ms. H. has "new evidence to support [her] SSDI claim"); Opening Br., Doc. No. 27 (attaching and relying on new evidence); Pl.'s Reply, Doc. No. 32 (attaching and relying on new evidence).)

1

record and Ms. H. fails to assert any cognizable claim of error, the Commissioner's decision is affirmed.[5]

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Commissioner's final decision. This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an

---

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 12.)

[6] See 42 U.S.C. § 405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] Biestek v. Berryhill, 587 U.S. 97, 102 (2019) (internal quotation marks omitted).

[9] Id. at 103 (citation omitted).

[10] Id. (citation omitted).

administrative agency's findings from being supported by substantial evidence."[11] And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

Because Ms. H. proceeds pro se (without an attorney), her filings are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."[13] Still, a pro se plaintiff must follow the same procedural rules as other litigants.[14] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[17]

---

[11] *Lax*, 489 F.3d at 1084 (citation omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[17] 42 U.S.C. § 423(d)(1)(A).

An individual is considered disabled only if her impairments are so severe, she cannot perform her past work or "any other kind of substantial gainful work."[18]

In determining whether a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);

4) she has the residual functional capacity to perform past relevant work; and

5) she has the residual functional capacity to perform other work, considering her age, education, and work experience.[19]

In the first four steps, the claimant has the burden of establishing disability.[20] At step five, the Commissioner must show the claimant retains the ability to perform other work in the national economy.[21]

---

[18] *Id.* § 423(d)(2)(A).

[19] *See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

[20] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[21] *Id.*

## PROCEDURAL HISTORY

Ms. H. applied for SSDI benefits[22] on April 27, 2020, alleging she became disabled on April 20, 2020.[23] The ALJ held an administrative hearing and issued a decision on March 8, 2022, denying benefits.[24]

At step two of the sequential evaluation, the ALJ found Ms. H. had the severe impairments of "remitting, relapsing multiple sclerosis (MS) with blurred vision, cervical and lumbar spine degenerative disc disease (DDD), and migraine headaches."[25] The ALJ found Ms. H. had nonsevere impairments of carpal tunnel syndrome and "a history of anxiety and schizophrenia prior to the relevant period largely within the context of methamphetamine abuse, cannabis abuse and withdrawal[,] and medication non-compliance."[26] At step three, the ALJ found Ms. H.'s impairments did not meet or medically equal an impairment listing.[27]

The ALJ then found Ms. H. had the residual functional capacity to perform "sedentary work" with the following restrictions:

> [S]he can lift and/or carry 10 pounds up to 2/3 of 8-hour workday; stand and/or walk for 2 hours; sit for 6 hours; she can perform all postural activities up to 1/3 of 8-hour workday; she can use her bilateral upper extremities to perform fine fingering and gross manipulation on a frequent basis during an 8-hour workday; she can be exposed to hazards up to 50 percent of 8-hour

---

[22] *See* 42 U.S.C. §§ 401–434.

[23] (*See* Tr. 86.)

[24] (Tr. 86–103.)

[25] (Tr. 89.)

[26] (Tr. 89–90.)

[27] (Tr. 93–94.)

workday; and she can be in front of a computer up to 60 minutes during an 8-hour workday.[28]

At step four, based on this residual functional capacity and the testimony of a vocational expert, the ALJ found Ms. H. could not perform her past work.[29] But at step five, the ALJ found Ms. H. could perform other jobs, including final assembler and toy stuffer.[30] Therefore, the ALJ found Ms. H. not disabled from April 20, 2020 (the alleged onset date) through March 8, 2022 (the date of the decision) and denied her claim.[31]

The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Ms. H.'s request for review on October 13, 2022.[32] Ms. H. filed this action for judicial review on January 30, 2023.[33] The Commissioner initially moved to dismiss the case, arguing it was untimely filed more than sixty days after the Appeals Council's denial.[34] But the court found the sixty-day statute of limitations was tolled.[35] Following this, the parties filed briefing on the merits.

---

[28] (Tr. 94.)

[29] (Tr. 101.)

[30] (Tr. 102–03.)

[31] (Tr. 103.)

[32] (Tr. 5–7.)

[33] (*See* Compl., Doc. No. 5.)

[34] (*See* Def.'s Mot. to Dismiss, Doc. No. 16.) The motion to dismiss was converted to a motion for summary judgment because both parties relied on materials outside the pleadings. (*See* Mem. Decision and Order Den. Mot. for Summ. J. 1–2, Doc. No. 23.)

[35] (*See* Mem. Decision and Order Den. Mot. for Summ. J., Doc. No. 23.) Specifically, the court found the Commissioner failed to establish Ms. H. was unentitled to equitable tolling as a matter of law, where Ms. H. submitted an extension request to the Appeals Council before the filing deadline expired, and her request remained pending when she filed this action. (*Id.*)

## ANALYSIS

In her opening brief, Ms. H. states she is seeking an award of SSDI benefits, an adjustment of her SSDI monthly payment amount, and back benefits "from the first time that she filed for disability 14 years ago."[36] Ms. H. then asks the court to consider evidence outside the administrative record which she contends supports her SSDI claim, including the following exhibits attached to her complaint and opening brief:[37]

- a letter dated December 30, 2022, from Ms. H.'s therapist, Courtney Brinkerhoff;[38]

- a residual functional capacity assessment form dated December 21, 2022, from treating provider Courtney Roman (a nurse practitioner);[39]

- a discharge summary dated September 23, 2022, from Parley Williams, MD, at Intermountain Neurosciences Institute;[40]

- a neuropsychological evaluation report dated May 6, 2023, related to testing administered on April 17, 2023, and May 1, 2023;[41] and

- an MRI report dated June 27, 2019.[42]

---

[36] (Opening Br., Doc. No. 27 at 2.)

[37] (*See id.* at 2–3 (discussing some of the attached exhibits).)

[38] (Ex. A to Compl., Doc. No. 5-1; *see also* Compl. ¶ 9, Doc. No. 5.)

[39] (Ex. B to Compl., Doc. No. 5-2; *see also* Compl. ¶ 10, Doc. No. 5.)

[40] (Ex. D to Compl., Doc. No. 5-4; *see also* Compl. ¶ 12, Doc. No. 5.)

[41] (Ex. A to Opening Br., Doc. No. 27-1.)

[42] (Ex. B to Opening Br., Doc. No. 27-2.)

Ms. H. argues this new evidence supports certain medical opinions the ALJ rejected and contradicts other opinions the ALJ found persuasive.[43] Additionally, without citing record evidence, Ms. H. asserts she cannot have than thirty minutes of screen time; her "[b]alance, [s]ight, [p]ain, [h]and and [f]eet numbness prevent her from manual labor jobs"; and she cannot stand up on her own due to MS flares and fatigue.[44]

As an initial matter, the only agency decision subject to judicial review in this case is the ALJ's denial of Ms. H.'s claim for SSDI benefits for the period between April 20, 2020 and March 8, 2022.[45] In her complaint, Ms. H. states she is challenging a "negative decision" on her SSDI claim without specifying the date.[46] The Commissioner identified the above denial as the relevant final agency decision,[47] and Ms. H. did not dispute this.[48] Ms. H. has not identified any other final agency decision properly before the court. Accordingly, Ms. H.'s arguments relating to any claim outside the time period of April 20, 2020 through March 8, 2022 are not considered. Specifically, Ms. H.'s

---

[43] (*See* Opening Br., Doc. No. 27 at 2–3.) Specifically, Ms. H. argues Ms. Roman's December 2022 assessment is largely consistent with a residual functional capacity assessment from treating provider Jenny McKay, NP, (Tr. 648–55), which the ALJ found unpersuasive, (*see* Tr. 100). And Ms. H. argues the May 2023 neuropsychological evaluation contradicts the medical opinions of the psychological consultative examiner, Dr. John Hardy, (Tr. 538–44), which the ALJ found persuasive, (*see* Tr. 92).

[44] (Opening Br., Doc. No. 27 at 9.)

[45] (*See* Tr. 5 (Notice of Appeals Counsel Action stating: "This is about your request for review of the Administrative Law Judge's decision dated March 8, 2022. . . . [W]e have denied your review. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.").)

[46] (Compl. ¶ 7, Doc. No. 5.)

[47] (*See* Def.'s Mot. to Dismiss, Doc. No. 16 at 1–2.)

[48] (*See generally* Pl.'s Opp'n to Def.'s Mot. to Dismiss, Doc. No. 17.)

argument that she is entitled to back benefits before April 20, 2020 (going back fourteen years) is not addressed. Likewise, Ms. H.'s request to adjust her current monthly benefit amount is not addressed, where the only decision properly before the court is the denial of her claim for benefits from April 20, 2020 to March 8, 2022.

Next, Ms. H. fails to demonstrate grounds to consider new evidence outside the administrative record. This court's review of the Commissioner's decision is ordinarily limited to the administrative record.[49] The court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[50] Remand is not appropriate under this provision unless the new evidence "relate[s] back to the period on or before the date of the ALJ's decision."[51]

Here, all of Ms. H.'s new evidence is from outside the relevant time period of April 20, 2020 to March 8, 2022. Only one exhibit (the June 2019 MRI report) predates the ALJ's decision, and Ms. H. fails to offer any justification, let alone good cause, for her failure to submit this record to the ALJ.[52] In any event, the administrative record

---

[49] *See* 42 U.S.C. § 405(g) ("The [district] court shall have power to enter, *upon the pleadings and transcript of the [administrative] record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (emphasis added)); *Morgan v. Astrue*, 302 F. App'x 786, 788 (10th Cir. 2008) (unpublished).

[50] 42 U.S.C. § 405(g).

[51] *Williams v. Barnhart*, 178 F. App'x 785, 792 (10th Cir. 2006) (unpublished).

[52] *See Morgan*, 302 F. App'x at 788 (finding a district court did not err in declining to consider new evidence where the claimant did not "assert that there was good cause, or any cause, for the apparent failure to present the records at the administrative level").

9

contains other documentation of June 2019 MRI results, which the ALJ discussed—rendering the new version submitted by Ms. H. immaterial.[53] The other evidence post-dates the ALJ's decision by at least six months (with one exhibit post-dating the decision by fourteen months). None of this evidence expressly relates back to the period before the ALJ's decision; rather, it appears to address Ms. H.'s conditions and limitations as of the date of each record.[54] In sum, Ms. H. has not shown good cause for failing to submit the 2019 MRI to the ALJ, and she has not shown any of the new evidence is material to the ALJ's determination. Accordingly, the new evidence does not warrant remand, and it is not considered in reviewing the ALJ's decision.

Ms. H. fails to develop any other cognizable claim of error in her opening brief. As noted, she asserts she cannot have more than thirty minutes of screen time; her "[b]alance, [s]ight, [p]ain, [h]and and [f]eet numbness prevent her from manual labor jobs"; and she cannot stand up on her own due to MS flares and fatigue.[55] But she fails to cite any record evidence in support of these arguments. She also does not explain how a thirty-minute computer screen limitation materially differs from the one-hour limitation found by the ALJ, nor how an inability to do "manual" labor is incompatible with the ALJ's finding that she could only do "sedentary" work. Even liberally construing

---

[53] (*See* Tr. 96 (ALJ's discussion of "abnormal brain imaging," citing records including the June 2019 MRI); Tr. 485–86 (record of June 2019 brain MRI results).)

[54] *See Dumas v. Colvin*, 585 F. App'x 958, 961 (10th Cir. 2014) (unpublished) (finding new evidence attached to appellate briefs which post-dated the ALJ's decision was immaterial where none of the evidence "purport[s] to retroactively diagnose a condition existing in the period preceding the ALJ's decision [or] indicate[s] any impaired functioning relating back to that period" (alterations in original) (quoting *Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011)).

[55] (Opening Br., Doc. No. 27 at 9.)

10

Ms. H.'s pro se briefing, her arguments are insufficiently developed to permit meaningful judicial review.[56]

To the extent Ms. H. attempts to challenge the ALJ's residual functional capacity assessment, she fails to demonstrate any error. As set forth in detail in the Commissioner's answer brief, the ALJ applied the correct legal standards in assessing Ms. H.'s residual functional capacity, and the ALJ's findings are supported by substantial evidence.[57] For example, the ALJ evaluated the persuasiveness of the medical opinion evidence and explained how he considered the supportability and consistency of the opinions, as required under agency regulations.[58] The ALJ also cited substantial evidence supporting his findings that Ms. H.'s impairments were not as limiting as she alleged—including records showing Ms. H. failed to follow up on treatment recommendations or take MS medications for substantial periods, but when she engaged in treatment it was effective.[59] Additionally, the ALJ discussed a March 2021 physical consultative examination with largely "unremarkable" findings, during which Ms. H. was able to walk, hop, squat, rise from a chair, and get on and off an

---

[56] *See Sean T. W. v. Saul*, No. 19-CV-645, 2021 U.S. Dist. LEXIS 56894, at *13 n.5 (N.D. Okla. Mar. 25, 2021) (unpublished) (finding a "vague argument" waived where the claimant did not "cite any records or develop this argument in any coherent manner"); *Salazar v. Colvin*, No. CIV-15-1097, 2016 U.S. Dist. LEXIS 97224, at *17 (W.D. Okla. July 26, 2016) (unpublished) (finding a claimant's argument regarding error in the residual functional capacity assessment waived where the claimant "states that the RFC was not supported by the evidence in the record, [but] he has not cited any portion of the record which he believes was not considered by the ALJ or would have supported more restrictive limitations").

[57] (*See* Def.'s Answer Br. 4–13, Doc. No. 31.)

[58] (*See* Tr. 92–93, 99–100); 20 C.F.R. § 404.1520c(b)(2), (c).

[59] (*See* Tr. 97–98 (citing Tr. 507, 595, 597–99, 642, 646).)

examination table "with ease."[60] Based on a review of the record, and for the detailed reasons explained in the answer brief, the ALJ did not err in his residual functional capacity assessment.

Finally, Ms. H. filed a reply brief asserting new arguments which were not raised in the opening brief,[61] and she attached yet more evidence outside the administrative record.[62] Ms. H. has waived the arguments raised for the first time in her reply.[63] Likewise, the evidence attached to the reply is not considered—both because it is procedurally improper to submit new evidence with a reply,[64] and because this evidence

---

[60] (*See* Tr. 98–99 (citing Tr. 549–51).)

[61] (*See* Reply, Doc. No. 32.) For example, Ms. H. argues the ALJ improperly evaluated Ms. McKay's medical opinion, and she contends the record evidence shows she was unable to perform specific requirements of sedentary work (without citing any record evidence). (*See id.* at 1.)

[62] (*See* Exs. B–D to Reply, Doc. Nos. 32-2–32-4.) Ms. H. also attached Exhibit A, containing copies of prior administrative findings and Ms. McKay's opinion (which are in the administrative record), and a duplicate copy of the assessment by Ms. Roman (submitted as Exhibit B to the complaint). (Ex. A to Reply, Doc. No. 32-1.)

[63] *See Burke v. Regalado*, 935 F.3d 960, 995 (10th Cir. 2019) ("The failure to raise an issue in an opening brief waives that issue." (citation omitted)); *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").

[64] *See Really Right Stuff v. Field Optics Rsch.*, No. 2:20-cv-00345, 2024 U.S. Dist. LEXIS 97436, at *13 n.69 (D. Utah May 31, 2024) (unpublished) ("Typically, the court does not consider evidence submitted on reply."); *Velazquez v. Greyhound Lines, Inc.*, No. 2:19-cv-00493, 2020 U.S. Dist. LEXIS 268337, at *3 (D. Utah Nov. 10, 2020) (unpublished) ("It is procedurally improper to introduce exhibits for the first time in a reply memorandum.").

is outside the administrative record.  Ms. H. has not demonstrated the evidence is material or related to the relevant time period.[65]

## CONCLUSION

Where Ms. H. relies primarily on new evidence outside the administrative record and fails to raise a cognizable claim of error, the Commissioner's decision is affirmed.

DATED this 28th day of February, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[65] Exhibit B relates to a different individual's disability claim.  (*See* Ex. B to Reply, Doc. No. 32-2.)  Exhibit C contains undated lab results which Ms. H. describes as "recent."  (*See* Ex. C to Reply, Doc. No. 32-3; Reply, Doc. No. 32 at 2.)  Exhibit D contains letters dated June 2024 and July 2024.  (Ex. D to Reply, Doc. No. 32-4.)